UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

Carlos C. Contreras
and other similarly
situated individuals,

    Plaintiff(s),

v.

Helen Homes of Kendall Corporation,
a/k/a Kendall Health Care Properties,
d/b/a The Palace At Kendall
Assisted Living Facility

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Carlos C. Contreras and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Helen Homes of Kendall Corporation, a/k/a Kendall Health Care Properties, d/b/a The Palace At Kendall Assisted Living Facility, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Carlos C. Contreras is a resident of Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Helen Homes of Kendall Corporation, a/k/a Kendall Health Care Properties, d/b/a The Palace At Kendall Assisted Living Facility (from now on, The Palace At Kendall, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Dade County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint occurred in Dade County, Florida, within this Court's jurisdiction.

## General Allegations

5. This cause of action is brought by Plaintiff Carlos C. Contreras as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2020, (the "material time") without being adequately compensated.

6. Defendants Helen Homes of Kendall Corporation, a/k/a Kendall Health Care Properties, d/b/a The Palace At Kendall Assisted Living Facility is an Assisted Living Facility that provides room, board, personal, and healthcare services to the elderly and infirm. This Assisted Living Facility is a residential care facility "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA. Therefore Defendant is an enterprise subjected to FLSA coverage.

7. Defendant, The Palace At Kendall, employed Plaintiff Carlos C. Contreras as a non-exempted, full-time maintenance employee from approximately January 31, 2023, or 150 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 144 weeks.

8. Plaintiff had duties as a maintenance employee, and his duties included plumbing, electricity, cleaning cloth dryers, all kind of repairs, and purchase of repair supplies.

9. While employed by Defendants, Plaintiff regularly worked five days per week from Monday to Friday, from 7:00 AM to 6:00 PM (11 hours daily). Plaintiff worked a total of 55 hours weekly.

10. Plaintiff was paid a salary of approximately $1,016.83 weekly.

11. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours as required by law. Plaintiff was paid the same salary regardless of the number of hours worked.

12. Plaintiff did not clock in and out, but Defendant was in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid bi-weekly by direct deposits, without paystubs providing accurate information such as the number of days and hours worked.

15. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours.

16. On or about January 31, 2023, Defendant fired Plaintiff.

17. Plaintiff Carlos C. Contreras seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

19. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half their regular rate.

20. This action is intended to include every maintenance employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff Carlos C. Contreras re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. Defendant,+ The Palace At Kendall, was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is an assisted living facility that provides room, board, personal, and healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill."  Therefore, there is enterprise coverage.

23. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as a maintenance

employee at a facility engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

24. For the reasons stated above, Defendant must comply with the minimum wage and overtime requirements of the FLSA.

25. Defendant The Palace At Kendall employed Plaintiff Carlos C. Contreras as a non-exempted, full-time maintenance employee from approximately January 31, 2023, or 150 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 144 weeks.

26. Plaintiff had duties as a maintenance employee, and his duties included plumbing, electricity, cleaning cloth dryers, all kind of repairs, and purchasing repair supplies.

27. While employed by Defendants, Plaintiff regularly worked five days per week, a total of 55 hours weekly.

28. Plaintiff was paid a salary of approximately $1,016.83 weekly.

29. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours as required by law. Plaintiff was paid the same salary regardless of the number of hours worked.

30. Plaintiff did not clock in and out, but Defendant was in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

31. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid bi-weekly by direct deposits, without paystubs providing accurate information such as the number of days and hours worked.

33. On or about January 31, 2023, Defendant fired Plaintiff.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Nineteen Thousand Nine Hundred Eighty Dollars and 00/100 ($19,980.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 150 weeks
    Relevant weeks of employment:  144 weeks
    Total number of days worked: 5 days weekly
    Total number of hours worked: 55 hours
    Total number of unpaid overtime hours: 15 hours weekly
    Salary: $1016.83 weekly: 55 hours worked=$18.49
    Regular rate: $18.49 x 1.5=$27.74
    O/T rate: $27.74- $18.49 O/T rate paid=$9.25
    Half-time: $9.25

    Half-time $9.25 x 15 O/T hours=$138.75 weekly x 144 weeks=$19.980.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid half-time overtime wages.[1]

37. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

39. Defendants The Palace At Kendall willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Carlos C. Contreras and those similarly situated respectfully request that this Honorable Court:

   A. Enter judgment for Plaintiff Carlos C. Contreras and other similarly situated individuals and against the Defendants The Palace At Kendall based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

   B. Award Plaintiff Carlos C. Contreras actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

   E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Carlos C. Contreras demands a trial by a jury of all issues triable as of right by a jury.

Date:  March 30, 2023,

> Respectfully submitted,
>
> By: **/s/ Zandro E. Palma**
> ZANDRO E. PALMA, P.A.
> Florida Bar No.: 0024031
> 9100 S. Dadeland Blvd.
> Suite 1500
> Miami, FL 33156
> Telephone: (305) 446-1500
> Facsimile:  (305) 446-1502
> zep@thepalmalawgroup.com
> *Attorney for Plaintiff*